UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:24-cv-86

DOCKSIDE AT VENTURA
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

vs.

SFR SERVICES L.L.C., SOUTHERN FLORIDA
RESTORATION, LLC, and SOUTH FLORIDA
REAL ESTATE, LLC,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, SFR Services L.L.C. ("SFR"), Southern Florida Restoration, LLC ("Restoration"), and South Florida Real Estate, LLC ("SF Real Estate" and together with "SFR" and "Restoration", the "Defendants"), by its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441 and 1446, gives notice of the removal to this court of the case styled *Dockside at Ventura Condominium Association, Inc. v. SFR Services L.L.C., Southern Florida Restoration, LLC, and South Florida Real Estate, LLC*, from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division. In support of removal, Defendants state the following:

## The Removed Case and
## Identification of the Parties

1. On January 8, 2024, Plaintiff, Dockside at Ventura Condominium Association, Inc. ("Dockside") filed a Complaint in the Ninth Circuit in and for Orange County, Florida, Case No. 2024-CA-000189-O, against SFR, Restoration, and SF Real Estate. The Complaint purports to allege causes of action for declaratory relief (Count I) and for temporary and permanent injunctive relief (Count II).

2. Based on Dockside's allegations, it concedes Dockside and SF Real Estate have a purported debtor-creditor relationship. Here, the Complaint and the numerous Exhibits thereto confirm SF Real Estate agreed to lend Dockside over $18 million in trade credit so that SFR (Dockside's contractor) could perform and be paid for repairs, mitigation, and reconstruction of certain portions of Dockside and the condominium units. The Promissory Note (the "Note") expressly stated SF Real Estate would retain the loan proceeds and would disburse the proceeds to SFR as needed and after Dockside approved a draw on the funds. *See* Compl. ¶25. A fully executed copy of the Note at issue is attached hereto as **Exhibit A**. And, a fully executed copy of the Scope of Work related to the Note is attached hereto as **Exhibit B**.

3. According to Dockside's Complaint, and putting aside whether it states claims for relief, Dockside requests the Court to issue declaratory relief with respect to certain alleged rights and obligations between Dockside, SFR Services L.L.C., and South Florida Real Estate, LLC as it relates to the Note, the Scope of Work, and related items. *Id.* ¶¶25-29, 45-51, 63(a)-(w). Additionally, the Complaint also requests the Court to issue temporary and permanent injunctive relief prohibiting SFR from continuing to perform work at Dockside during the pendency of this lawsuit, and to stop enforcement of the Note until the Court rules on whether Dockside is entitled to declaratory relief.

## Papers from Removed Action

4. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06, copies of all process, pleadings, orders and other papers or exhibits filed in the state court have been submitted to the Clerk of Court with this Notice of Removal and are attached as **Composite Exhibit C**.

5. A completed civil cover sheet is attached as **Exhibit D.**

6. Defendants' proposed Notice of Filing Notice of Removal of Civil Action is attached as **Exhibit E**, which will be contemporaneously filed with this Notice of Removal.

## Consent to Removal

7. Through this Notice of Removal, SFR and SF Real Estate are the Defendants named in this lawsuit. Additionally, Restoration is not an existing

business entity in the State of Florida.  As conceded by Dockside in its Complaint, Restoration is a dissolved limited liability company (*see* Compl., at ¶5), and its last annual report was filed in 2021.  See **Exhibit F**.  Moreover, Restoration is a fictitious trade name for SFR and has been since 2019.  See **Exhibit G**.  Restoration is a d/b/a for SFR.  *See* Affidavit of Ricky McGraw, at ¶5, attached hereto as **Exhibit H**.  The only entities that are involved in the transactions with Dockside are SFR and SF Real Estate.  *Id.*  Accordingly, 28 U.S.C. §1446(b)(2)(A) does not apply to determine the propriety of removal.

## Venue

8. Venue is proper under 28 U.S.C. § 1441(a) in the Middle District of Florida, Orlando Division, because the Complaint in state court action was filed in the Ninth Judicial Circuit in and for Orange County, Florida, which is within the Middle District of Florida, Orlando Division.

## The Removal is Timely

9. Dockside commenced this action on January 8, 2024.  Defendants were purportedly served with a copy of the Complaint on January 11, 2024.

10. No action was taken by Defendants in the underlying state court action.

## Basis for Jurisdiction in this Court

11. This Notice of Removal is based upon diversity of citizenship jurisdiction of this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

Federal district courts have original and exclusive jurisdiction over any civil action where the amount-in-controversy exceeds $75,000, and there is complete diversity among the parties.  *See* 28 U.S.C. § 1332; *Florence v. Crescent Res.*, LLC, 484 F.3d 1293, 1297 (11th Cir. 2007) ("[F]ederal district court's diversity jurisdiction . . . requires complete diversity of citizenship").  Further, the amount in controversy requirement and complete diversity requirement are determined by the documents filed at the time of removal.  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (2007).  As will be explained in great detail below, complete diversity of citizenship exists.

## The Amount in Controversy Requirement is Satisfied

12.　It is apparent from the face of Dockside's Complaint, along with the documents attached as Exhibits, that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

13.　When the minimum jurisdictional amount is not specifically alleged, it nevertheless can be ascertained where, as here, it is "facially apparent" or can be reasonably deduced from the Complaint.  *See Roe v. Michelin N. A, Inc.*, 613 F.3d 1058, 1060-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir.2010)); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.

2001). The minimum jurisdictional amount can be reasonably deduced from the Complaint.

14. On the face of the Complaint, Dockside seeks damages "in excess of $50,000" which is the minimum amount to trigger the jurisdictional threshold of Florida Circuit Courts. However, a fair reading of the Complaint indicates that the amount in controversy nevertheless exceeds the sum of $75,000 exclusive of interest and costs. Here, both the Complaint and the Exhibits thereto concede this case involved a purported $18 million loan by SF Real Estate to Dockside, and unpaid services performed by SFR for millions of dollars. *See* Complaint ¶25, 47-49, 66-67.

15. Given the serious nature of the allegations contained in the Complaint, it is "facially apparent from the [Complaint] itself that the amount in controversy exceeds the jurisdictional minimum, even [though] 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

16. Accordingly, the amount in controversy exceeds $75,000 exclusive of interest and costs, and Defendants have sufficiently alleged, by a preponderance of the evidence, that the monetary threshold for diversity jurisdiction has been met.

**Diversity of Citizenship Exists**

17. This is a civil action that falls under 28 U.S.C. § 1332 and may be removed to this Court pursuant to diversity jurisdiction. See 28 U.S.C. §§ 1441 and 1446.

18. The Complaint states Dockside is domiciled in Florida. *See* Complaint ¶2.

19. Despite Dockside's assertions, neither SFR nor SF Real Estate are domiciled in Florida. SFR is a limited liability company whose sole member – Ricky McGraw – is domiciled in Puerto Rico. *See* **Exh. H**, at ¶6. Likewise, SF Real Estate is also a limited liability company whose sole members – Ricky McGraw and Jessica McGraw – are domiciled in Puerto Rico. *Id.* at 6-7; Affidavit of Jessica McGraw, at ¶5-6, attached hereto as **Exhibit I**. Copies of their driver's licenses are attached hereto as **Composite Exhibit J**.

20. For purposes of diversity jurisdiction, the domicile of a limited liability company is determined by the domicile of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Glyde Solar, LLC v. Green House Solar and Air, Inc.*, 2021 WL 9594012, at *1 (M.D.Fla. Dec. 20, 2021); *KMM Construction of Florida, LLC v. Great American Insurance Company*, 2018 WL 4959745, at *2 (M.D.Fla. Oct. 15, 2018). Thus, complete diversity of citizenship exists here.

21. As discussed above, this action is removable under 28 U.S.C. § 1441(a) because this action is a civil action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## Nonwaiver of Defenses

22. In removing this action to the Middle District Court of Florida, Defendants do not waive any applicable defenses available to them. Furthermore, Defendants do not admit any of the allegations made in Dockside's Complaint.

## Conclusion

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. There is complete diversity of citizenship between Dockside and Defendants. Dockside is domiciled in Florida, SFR is domiciled in Puerto Rico, and SF Real Estate is domiciled in Puerto Rico. Restoration is not an existing business entity, but it a d/b/a of SFR. Moreover, Defendants have established, by the preponderance of evidence, that the amount in controversy exceeds $75,000 exclusive of interest and costs. Finally, all other procedural requirements have been satisfied.

WHEREFORE, Defendants, SFR Services L.L.C., Southern Florida Restoration, LLC, and South Florida Rel Estate, LLC, hereby remove the state court action from the Ninth Judicial Circuit in and for Orange County, Florida, to the Middle District of Florida, Orlando Division, and further request that additional proceedings be conducted in federal court as provided by law.

Dated:  January 15, 2024.

        **SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.**
        *Attorneys for Plaintiff*
        7777 Glades Road, Suite 400
        Boca Raton, FL  33434
        Telephone:  (561) 477-7800
        Facsimile:   (561) 477-7722

        By:   */s/ Joshua B. Alper*
              Joshua B. Alper, Esq.
              Florida Bar No. 59875
              Primary E-Mail:    jalper@sbwh.law
              Secondary E-Mail: ecaruso@sbwh.law
                                  floridaservice@sbwh.law

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 15, 2024, a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court using CM/ECF and is being served via transmission of Notice of Electronic Filing generated by CM/ECF to the following:

Thomas C. Allison, Esq., Erin B. Hyde, Esq., and Luis M. Perez, Esq.
Thomas C. Allison, P.A.
121 S. Orange Ave., Suite 840N
Orlando, FL 32801
thomas@allisonpa.com; ehyde@allisonpa.com; lperez@allisonpa.com; and jwilson@allisonpa.com

                By:    */s/ Joshua B. Alper*
                          Joshua B. Alper